# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GUADALUPE GARCIA,**

    **Plaintiff,**

    **v.**                                    **Case No. 14-CV-415**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

    **Defendant.**

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

Guadalupe Garcia ("Garcia") sought judicial review pursuant to 42 U.S.C. § 405(g) of the denial of disability insurance benefits by the Commissioner of Social Security. On March 30, 2015, I ordered that the case be remanded to the Commissioner pursuant to sentence four of § 405(g). Now before me is Garcia's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons stated in this opinion, I will deny the motion.

### EAJA STANDARD

Under the EAJA, the prevailing party in litigation against the federal government is entitled to attorney's fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is timely filed with the district court. 28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).

When the Commissioner challenges the fees on the ground that her position was substantially justified, as she does here, she bears the burden of proving that her position was substantially

justified. *Cunningham*, 440 F.3d at 864. The Commissioner's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person," that is, if it has "a reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A loss on the merits does not automatically result in a finding that the government's position was not substantially justified. *See id.* at 569. In assessing whether the Commissioner's position was substantially justified, the Court must look at the Commissioner's conduct as a whole. *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). EAJA fees are not determined by the number of successful arguments, and a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified. *Id.*

The Commissioner's position includes her position during litigation and her position during the administrative proceedings. *See* 28 U.S.C. § 2412(d)(1)(B), (2)(D). Further, the administrative law judge's decision is considered part of the Commissioner's prelitigation, administrative position. *Cunningham*, 440 F.3d at 863–64.

Whether the Commissioner's position is substantially justified is left to the discretion of the district court, "in no small part because the analysis is not susceptible to a firm rule or even a 'useful generalization.'" *Bassett v. Astrue*, 641 F.3d 857, 859 -860 (7th Cir. 2011) (quoting *Pierce*, 487 U.S. at 561-62). While there is no "firm rule," the Seventh Circuit has provided some "helpful benchmarks" as to whether the Commissioner's position is substantially justified. *Id.* at 859. To begin, the Commissioner's position may be substantially justified even if it turns out to be completely wrong. *Id.* The ALJ's opinion might offer merely a "cursory and inadequate" analysis of an important point, but that shortcoming alone usually will not be enough to poison the opinion—or the Commissioner's defense of the opinion. *Id.* (internal citation omitted). That is because the requirement that the ALJ

must articulate an assessment of the evidence is "deliberately flexible," so the ALJ's failure to "connect all the dots" in the analysis, and the Commissioner's defense of those gaps in the ALJ's reasoning, is likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law. *Id.* at 859-60 (citing *Cunningham*, 440 F.3d at 864–65). It typically takes something more egregious than an error in articulation to make the Commissioner's position unjustified. *Id.* at 860 (citing *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004)). Rather, the error must be something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the Commissioner's defending the ALJ's opinion on a forbidden basis. *Id.* The Seventh Circuit has also explained that the Commissioner's position "must be stronger than merely non-frivolous," though "'[s]ubstantially justified' does not mean 'justified to a high degree.'" *Suide v. Astrue*, 453 Fed.Appx. 646, 648 (7th Cir. 2011) (internal citations omitted).

## DISCUSSION

Here, the Commissioner opposes Garcia's request for fees solely on the ground that her position was substantially justified. The Commissioner has not challenged the reasonableness of the fee request. In this case, I found that although Garcia raised several errors with the ALJ's decision, only one required remand. Specifically, I found that the ALJ misstated the opinion of Garcia's treating physician, Dr. Laguna, that her blurred vision resulted from her history of cataracts. Because Garcia continued to experience blurred vision, even after her cataract surgery, and because the VE testified that episodes of blurred vision—independent of having 20/20 vision—could affect her ability to perform her past relevant work as a supervisor, I remanded the case for proper consideration of her blurred vision.

-3-

The Commissioner argues that her position was substantially justified because I rejected all but one of the errors Garcia alleged and on the one ground that I found required reversal, the error was not particularly egregious. (Def.'s Br. at 3, Docket # 26.) Garcia argues that the Commissioner's position was not substantially justified because the ALJ improperly rejected Dr. Laguna's opinion regarding the incidence of blurry vision, contrary to the Commissioner's own regulations and established circuit precedent. (Pl.'s Reply Br. at 4, Docket # 27.)

I disagree with Garcia's position that the ALJ's rejection of Dr. Laguna's opinion was contrary to law. Rather, I found substantial record evidence supporting the ALJ's rejection of Dr. Laguna's opinion. (Docket # 20 at 32-35.) However, the ALJ did incorrectly cite Dr. Laguna's July 16, 2012 opinion. Specifically, in Dr. Laguna's opinion letter dated July 16, 2012, she stated:

> In the intervening time, the patient has undergone bilateral cataract surgery. I would anticipate that this patient would continue to have episodes of blurred vision associated with hyperglycemia episodes.

(R. 785.) The ALJ, however, in citing Dr. Laguna's July 2012 letter, stated that "Dr. Laguna . . . anticipated that the claimant would experience episodes of blurry vision due to a history of cataract surgery. However, as noted above, optometric records throughout the relevant period document essentially normal corrected vision." (R. 27.) Thus, the ALJ misstated Dr. Laguna's opinion regarding what was causing the blurry vision. Further, the ALJ's statements seems to indicate that he misunderstood the difference between episodes of blurry vision and general visual acuity. In this case it could make a difference because the VE was asked specifically how blurred vision, not limited to 20/20 vision, would affect the supervisor job (which the ALJ found Garcia capable of doing), to which the VE replied that "blurred vision would definitely have an impact on the supervisor's

-4-

position . . . if the vision is blurred then that individual is not being able to do their job efficiently." (R. 101.)

However, even though the ALJ misstated Dr. Laguna's opinion and seemingly misunderstood the difference between episodes of blurry vision and general visual acuity, I find that the Commissioner's position was substantially justified. The Commissioner had a reasonable basis in law and fact for the ALJ's rejection of Dr. Laguna's opinion. First of all, the ALJ is correct that the record supports that Garcia had 20/20 vision in both eyes after her cataract surgeries. (R. 777.) Second, as I stated in the decision, Garcia's complaints of blurry vision were not as "well-documented" as Garcia argued. Garcia testified that her vision became blurry when her blood sugars spiked into the 300s (R. 82-83) and that she treated this by giving herself more insulin, which resolved the issue. (R. 83). Despite being directly asked how often she experienced episodes of high blood sugar that coincided with blurred vision, Garcia did not answer except to say that "sometimes" when it occurred it happened between noon and 4 or 5 p.m. (R. 82-83.) The record, however, showed few blood sugar spikes into the 300s or above and the majority of them occurring before breakfast, before bedtime, and at 2 a.m. Also, there were only four notations in the record of blurred vision. (R. 470, 685, 694, 731.) Thus, I found that the record evidence lessened Garcia's credibility regarding the extent of her blurry vision. Further, I found only one record subsequent to her cataract surgeries that showed a complaint of blurry vision. (R. 685.)

In summary, I find that the ALJ did not improperly evaluate Dr. Laguna's opinion. Rather, the ALJ made a single factual error that could possibly change the VE's opinion, so remand was required. However, the record evidence of blurred vision was weak and contradictory. Thus, despite the factual error, I find that the Commissioner's position has a reasonable basis both in law and fact

Case 2:14-cv-00415-NJ   Filed 09/14/15   Page 5 of 6   Document 28

and thus is substantially justified. Accordingly, Garcia's motion for attorney's fees pursuant to the EAJA is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion for attorney's fees under the Equal Access to Justice Act (Docket # 22) is **DENIED**.

Dated at Milwaukee, Wisconsin this 14th day of September, 2015.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge