# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GUADALUPE GARCIA,**

    **Plaintiff,**

    **v.**                                                **Case No. 14-CV-415**

**CAROLYN W. COLVIN,**
**Acting Commissioner, Social Security Administration,**

    **Defendant.**

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

On March 30, 2015, I reversed the Social Security Commissioner's decision denying Guadalupe Garcia's application for disability insurance benefits and remanded the case for further proceedings. (Docket # 20.) I denied Garcia's request for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, finding that the Commissioner's position was substantially justified. (Docket # 28.) Following further administrative proceedings, the Commissioner found Garcia disabled and the Social Security Administration informed Garcia's counsel that it was withholding $16,382.45, which represents 25% of Garcia's past-due benefits. (Docket # 30-1 at 4.) The Administration noted that $6,000.00 was used to pay an authorized fee and stated that it was still withholding $10,382.45 for the purpose of paying attorney's fees approved by the Court . (*Id.*) Counsel now seeks approval pursuant to 42 U.S.C. § 406(b) of fees in the amount of $10,382.45 under his contingency fee agreement with plaintiff. (Docket # 30.) The Commissioner does not oppose Garcia's motion. (Docket # 29.)

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration; § 406(b) controls fees for representation in federal court. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). The statute provides for a "reasonable fee" not to exceed 25% of the past-due benefits awarded to the claimant. *Id.* at 661. Such fees are deducted from the claimant's retroactive benefits; they do not constitute an award against the government. *Id.*

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

In this case, Garcia entered into a 25% contingency fee agreement with counsel. (Docket # 23-3.) Twenty-five percent of Garcia's past-due benefits is $16,382.45. (Docket # 30-1 at 3-4.) However, a payment of $6,000.00 was deducted from that amount due to a payment made to a lawyer in another firm for work performed at the Social Security Administration. (Docket # 30 at

1.) Counsel therefore seeks an award of $10,382.45 consistent with his 25% contingency fee agreement, subtracting the amount already paid to another law firm. Counsel states that Garcia entered into the fee agreement with the understanding that counsel's attorney's fee would be determined on the basis of risk-related contingency, regardless of the amount of the hourly fee. (Docket # 30 at 2.) Counsel contends that given the intent of the parties, the risk he assumed in accepting the case, the success achieved, and the effort spent winning the case, the requested fee is reasonable. (*Id.*)

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. First, Garcia's counsel timely filed comprehensive and well written briefs before this Court. Second, the results obtained were fully favorable. Garcia was awarded benefits, including $65,529.80 in past due benefits. Finally, the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $10,382.45 for 45.60 hours of work (Docket # 25-1) equates to an hourly fee of approximately $228/hour, which is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D.Wis. 2007) (approving hourly rate of $580.67 per hour for 38.80 hours of court work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, *1 (W.D. Wis. July 14, 2008) (approving rate hourly rate of $666 per hour); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, *3 (N.D. Ill. Nov. 22, 2002) (approving hourly rate of approximately $393.00 per hour for 53.90 hours of court work).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) is hereby **GRANTED**, and Attorney David Traver is awarded fees in the amount of $10,382.45.

Dated at Milwaukee, Wisconsin this 7th day of June, 2016.

              BY THE COURT:

              *s/Nancy Joseph*
              NANCY JOSEPH
              United States Magistrate Judge